IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YURENIA GENCHI PALMA,<br><br>               Petitioner,<br><br>vs.<br><br>DONALD J. TRUMP, in their official capacity as President of the United States; KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in their official capacity as Secretary of State of the United States; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; PETER BERG, in their official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and JEROME J. KRAMER, in their official capacity as Lincoln County Sheriff, Official of Lincoln County Detention Center;<br><br>               Respondents. | 4:25CV3176<br><br>**ORDER TO SHOW CAUSE** |

      This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Filing No. 1. Petitioner alleges she is being detained at the Lincoln County Detention Center in North Platte, Nebraska, by Immigration and Customs Enforcement (ICE), a division of the Department of Homeland Security (DHS) since June 10, 2025. She further alleges she is eligible for release on bond pursuant to an Immigration Judge's order, but that DHS has invoked an automatic stay provision, 8 C.F.R. § 1003.19(i)(2) which prevents her release pending DHS's appeal of the bond decision. Petitioner alleges

1

her indefinite detention pursuant to the automatic stay provision exceeds Respondents' statutory authority to detain her in violation of her due process rights.

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders Petitioner to serve her petition and a copy of this Order on Respondents forthwith and file proof of service with the Court. Thereafter, Respondents shall show cause why Petitioner's writ should not be granted, Petitioner may reply, and the Court will hold a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Furthermore, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Petitioner may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v.*

2

*Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

IT IS ORDERED:

1. Petitioner shall serve her petition and a copy of this Order on Respondents forthwith and file proof of such service with the Court.

2. Respondents show cause why the Petition for Writ of Habeas Corpus should not be granted within three business days after Petitioner serves them.

3. Petitioner shall have three business days from the date of Respondents' response to file a reply.

4. The Cout will thereafter set a prompt hearing on this matter.

5. Furthermore, Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 27th day of August, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge